**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

FIESTA WILLIAMS,

    Plaintiff,

v.                                                                     Case No.: _____

BIGTOP INVESTMENT GROUP,
INC.; BINGO PARADISE, INC.;
RONALD D. STROBO; TRACY
GOODSON; W. D. BASS &
COMPANY, P.A.; WILLIAM
PERRY; and 93 HOOD
CHARITABLE GROUP, INC.,

    Defendants.
_____/

## INITIAL COMPLAINT

COMES NOW the plaintiff, Fiesta Williams, by and through her

undersigned counsel, and hereby files this Initial Complaint against defendants,

Bigtop Investment Group, Inc.; Bingo Paradise, Inc.; Ronald D. Strobo; Tracy

Goodson; W. D. Bass & Company, P.A.; William Perry; and 93 Hood Charitable

Group, Inc., and alleges:

### I. *Jurisdiction and Venue*

1.      This Court has jurisdiction of this cause pursuant to 28 U.S.C. § 1331

insofar as claims arise under the Fair Labor Standards Act (FLSA), codified at 29

U.S.C. § 201, *et seq.*

2.      Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b)

and (c) because the claims arose in this district; defendants have an office and

operate in this district; plaintiff was employed, paid, and worked in this district; all

causes of action accrued in this district; and defendants are subject to personal

jurisdiction in this district.

### II. *Parties*

3.      At all times relevant hereto, plaintiff, Fiesta Williams, was a floor

worker at a bingo establishment owned, operated, and/or controlled by one or

more of the defendants.

4.      At times relevant hereto, defendant Bigtop Investment Group, Inc.

employed two or more persons engaged in interstate or foreign commerce and/or

engaged in handling and working on goods and materials that have moved in

interstate or foreign commerce, and upon information and belief has had gross

revenues exceeding $500,000 per year.

5.      Defendant Bigtop Investment Group, Inc. is subject to, and not

exempt from, the provisions of the FLSA.

6.      At times relevant hereto, defendant Bingo Paradise, Inc. employed two or more persons engaged in interstate or foreign commerce and/or engaged in handling and working on goods and materials that have moved in interstate or foreign commerce, and upon information and belief has had gross revenues exceeding $500,000 per year.

7.      Defendant Bingo Paradise, Inc. is subject to, and not exempt from, the provisions of the FLSA.

8.      Defendant Ronald D. Strobo was at times relevant hereto an officer in and owner of Bigtop Investment Group, Inc., exercised control over Bigtop Investment Group, Inc.'s operations, and played a substantial role in determining the compensation of plaintiff in her employment with Bigtop Investment Group, Inc.

9.      Defendant Ronald D. Strobo is subject to, and not exempt from, the provisions of the FLSA.

10.     Defendant Tracy Goodson was at times relevant hereto an officer in and owner of Bingo Paradise, Inc., exercised control over Bingo Paradise, Inc.'s operations, and played a substantial role in determining the compensation of plaintiff in her employment with Bingo Paradise, Inc.

11.     Defendant Tracy Goodson is subject to, and not exempt from, the provisions of the FLSA.

12.     At times relevant hereto, defendant W.D. Bass & Company, P.A. exercised operational control over both Bigtop Bingo and Bingo Paradise's operations in this district, and played a substantial role in determining the terms and conditions of plaintiff's employment with Bigtop Investment Group, Inc. and Bingo Paradise, Inc.

13.     Defendant W.D. Bass & Company, P.A. is subject to, and not exempt from, the provisions of the FLSA.

14.     At times relevant hereto, defendant William Perry exercised operational control over Bigtop Bingo and Bingo Paradise's operations in this district, and played a substantial role in determining the terms and conditions of plaintiff's employment with both Bigtop Investment Group, Inc. and Bingo Paradise, Inc.

15.     Defendant William Perry is subject to, and not exempt from, the provisions of the FLSA.

16.     At times relevant hereto, defendant 93 Hood Charitable Group, Inc. exercised operational control over Bigtop Bingo and Bingo Paradise's operations in this district, and played a substantial role in determining the terms and

conditions of plaintiff's employment at Bigtop Bingo and Bingo Paradise.  It also

employed two or more persons engaged in interstate or foreign commerce and/or

engaged in handling and working on goods and materials that have moved in

interstate or foreign commerce, and upon information and belief has had gross

revenues exceeding $500,000 per year.

17.    Defendant 93 Hood Charitable Group, Inc. is subject to, and not

exempt from, the provisions of the FLSA.

### III.  Factual Allegations

18.    Plaintiff began working for Bigtop Investment Group, Inc.; Bingo

Paradise, Inc.; Ronald D. Strobo; and Tracy Goodson prior to January, 2017.  At

times pertinent hereto, she was an "employee" of Bigtop Investment Group, Inc.;

Bingo Paradise, Inc.; Ronald D. Strobo; and Tracy Goodson within the meaning of

the FLSA.

19.    Bigtop Investment Group, Inc. owned/operated at least one bingo hall

in Northwest Florida, which operated under the name Bigtop Bingo and was

located at 93Hood Drive, Pensacola, Florida.

20.    This Bigtop Bingo was at all times relevant hereto engaged in

commercial activities and competed with other private businesses in the district.

21.    Bingo Paradise, Inc. owned/operated at least one bingo hall in

Northwest Florida, which operated under the name Bingo Paradise and was located at 4469 Mobile Highway, Pensacola, Florida.

22.     This Bingo Paradise was at all times relevant hereto engaged in commercial activities and competed with other private businesses in the district.

23.     Throughout her employment with Bigtop Investment Group, Inc.; Bingo Paradise, Inc.; Ronald D. Strobo; and Tracy Goodson, plaintiff routinely worked in excess of 40 hours per week.  Nevertheless, defendants failed to compensate her at the legally required rate for those overtime hours.

24.     Additionally, defendants Bigtop Investment Group, Inc.; Bingo Paradise, Inc.; Ronald D. Strobo; and Tracy Goodson failed to pay her the minimum wages required under the FLSA.

25.     In or around July, 2018, Goodson advised employees, including plaintiff, that they would no longer be paid for <u>any</u> of the hours that they worked; instead, the only compensation they would receive would be in the form of tips received from patrons.  This policy applied at both Bigtop Bingo and Bingo Paradise.

26.     At this same time, Goodson also advised employees that at least some operational control regarding employment decisions would be vested in W.D. Bass & Company, P.A., which acted through Perry.  Nevertheless, upon information

and belief, Goodson retained at least some operational control over employment decisions, including compensation of those permitted to work at Bigtop Bingo and Bingo Paradise.  Upon information and belief, Strobo also retained at least some operational control over employment decisions, including compensation of those permitted to work at Bigtop Bingo and Bingo Paradise.

27.   Upon information and belief, thereafter W.D. Bass & Company, P.A. and Perry had the authority to receive, address, and handle complaints by/from individuals permitted to perform work at the premises of Bigtop Bingo and Bingo Paradise.  In fact, they overruled at least one termination decision exercised by an ostensible manager of Bigtop Bingo.

28.   On August 24, 2018 93 Hood Charitable Group, Inc. was formed, after which Bigtop Bingo and Bingo Paradise were purportedly transferred to that entity.

29.   W.D. Bass & Company, P.A., and Perry, however, continued to act on behalf of that entity.  Moreover, Goodson also retained operational control.

30.   Upon information and belief, defendants also failed to keep and preserve records of those employed by them and the wages, hours, and other conditions and practices of employment as required by 29 U.S.C. § 211(c).

### IV.  Count I  -- Violation of Fair Labor Standards Act
### (Minimum Wages)

31.    Plaintiff realleges and incorporates herein paragraphs 1 through 30, above.

32.    Defendants are subject to, and not exempt from, the provisions of the FLSA.

33.    Throughout plaintiff's employment with defendants, defendants were fully aware of the FLSA and the obligations imposed by it to pay plaintiff the required minimum wages.

34.    Nevertheless, defendants failed to compensate her at the legally required wage.

35.    Such conduct of defendants constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

36.    As a result of defendants' violation of the FLSA, plaintiff has been denied compensation for her labor at the legally required rate.

37.    Moreover, plaintiff has had to retain an attorney in order to collect the legally required minimum wages owed to her by defendants.

WHEREFORE, plaintiff demands judgment against defendants for all unpaid minimum wages due; an additional equal amount as liquidated damages; interest, including pre-judgment interest; costs; attorneys' fees; and any other

relief to which she may be entitled.

### V. Count II -- Violation of Fair Labor Standards Act
### (Overtime Compensation)

38.     Plaintiff realleges and incorporates herein paragraphs 1 through 30, above.

39.     Defendants are subject to, and not exempt from, the provisions of the FLSA.

40.     Plaintiff was entitled to, and not exempt from, the protections and provisions of the FLSA.  Additionally, there were no exemptions under the FLSA which would be applicable to plaintiff.

41.     Throughout plaintiff's employment with defendants, defendants were fully aware of the FLSA and the obligations imposed by it to pay overtime compensation.

42.     Nevertheless, defendants willfully and intentionally failed and refused to properly compensate plaintiff and pay her overtime wages.  Such conduct of defendants constituted a violation of the FLSA, as well as a willful and intentional violation thereof.

43.     As a result of defendants' violation of the FLSA, plaintiff has been denied compensation for her labor at the legally required rate.

44.     Moreover, plaintiff has had to retain an attorney in order to collect the

overtime wages owed to her by defendants.

WHEREFORE, plaintiff demands judgment against defendants for all

unpaid overtime compensation; an additional equal amount as liquidated damages;

interest, including pre-judgment interest; costs; attorneys' fees; and any other

relief to which she may be entitled.

*Plaintiff demands jury trial on all issues contained in this Initial*

*Complaint which are so triable.*

<div style="margin-left: 50%;">

Respectfully submitted,


s/Bradley S. Odom
Bradley S. Odom, Esq.
Florida Bar Number:   932868
Richard D. Barlow, Esq.
Florida Bar Number:  0425176
ODOM & BARLOW, P.A.
1800 North "E" Street
Pensacola, Florida  32501
(850) 434-3527
email@odombarlow.com
Attorneys for Plaintiff

</div>